[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14255
Non-Argument Calendar
_____

D.C. Docket No. 4:06-cr-00010-RLV-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY BRETT GREGORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 6, 2013)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Johnny Gregory, a federal prisoner, appeals pro se the denial of his postconviction motions for the return of his firearm, see Fed. R. Crim. P. 41(g), and for the dismissal of his indictment. The district court denied both motions. Although we affirm the denial of Gregory's motion for the return of his firearm, we vacate the denial of Gregory's motion to dismiss his indictment and remand for the district court to dismiss the motion for lack of subject matter jurisdiction. Gregory also moves for sanctions against counsel for the government and for reassignment of his case to a different judge on remand, but we deny both motions.

In 2006, Gregory entered an agreement to plead guilty to possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a crime of drug trafficking, 18 U.S.C. § 924(c)(1)(A). In his written plea agreement, Gregory "agreed[] to forfeit all of his rights, title and interest in . . . [his] Beretta 9-millmeter handgun, serial number SZ005675"; "voluntarily abandon[ed] all right, title and interest in and right and claims to the . . . firearm"; and "voluntarily withdr[e]w[] the claim of ownership he made to the property." The district court accepted Gregory's pleas of guilty and ordered that he forfeit his interest in the firearm.

In 2007, Gregory moved to vacate his sentence.  Gregory argued that his conviction for possessing a firearm was invalid because there was no evidence to prove that he used a firearm in relation to his drug trafficking.  See 28 U.S.C. § 2255.  The district court denied the motion.  Gregory appealed, but he later dismissed the appeal.

Gregory then moved for an order that the government produce inventory records of his firearm, which had been seized from him in 2005 when deputies of the Sheriff's Office of Whitfield County and agents of the Federal Bureau of Investigation executed a warrant to search Gregory's residence.  See 41 C.F.R. § 128-50.101.  Gregory alleged that the firearm was in the possession of the government, although it had, in 2008, obtained an order allowing it to destroy the firearm, see 28 U.S.C. § 1651(a).  The district court construed Gregory's motion as seeking the return of his firearm.  See Fed. R. Crim. P. 41(g).  The government responded that it did not have to comply with section 128-50.101 because it did not seize Gregory's firearm; nevertheless, the government attached to its response copies of the inventory lists provided by the Sheriff's Office.

Gregory next moved to strike the response of the government and to dismiss his indictment "due to no subject matter jurisdiction."  Gregory sought relief on two grounds: (1) the district court lacked jurisdiction to enter the order allowing the destruction of the firearm because the government had commenced its action

3

for forfeiture of his firearm more than 120 days after its seizure in 2005, see 18 U.S.C. § 924(d)(1); and (2) "the government had no jurisdiction over the alleged grand jury indictment" and "jurisdiction [had been] lacking personal and subject matter throughout the entire criminal action" because the firearm "[n]ever had been in the federal governments domain."

The district court denied Gregory's motions. The district court ruled that the government was not obliged to provide Gregory an inventory list, and, in any event, Gregory, "as a convicted felon, [did] not have possessory interest in the handgun pursuant to the terms of his plea agreement" and the district court had already "issued an order authorizing the destruction of the firearm in question." The district court also ruled that Gregory failed to provide "a valid reason to strike the government's response" or to cite "any valid factual or legal grounds for dismissing [his] indictment." With respect to Gregory's argument that the order allowing the destruction of the firearm was illegal, the district court ruled that Gregory was "ignor[ing] the fact that [he] voluntarily entered into a plea agreement, wherein he agreed to forfeit the firearm that was seized." The district court found "unavailing" Gregory's jurisdictional arguments and instructed Gregory to raise "challenge[s] [to] his indictment or any other issue related to his conviction or plea agreement . . . via an appeal to the Eleventh Circuit."

4

Our review is governed by two standards of review.  We review de novo "questions of law dealing with a district court's denial of a motion for return of seized property," and we review related findings of fact for clear error.  United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005).  We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking" and review that issue de novo.  Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (internal quotation marks and citation omitted).

The district court correctly denied Gregory relief to the extent that he sought the return of his firearm.  "[F]or an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government."  Howell, 425 F.3d at 974.  As Gregory admitted in his motion to dismiss, he forfeited voluntarily his ownership rights in the firearm as a term of his plea agreement.  Gregory argues that the district court should have granted his motion for inventory records, but that motion was rendered moot when the government gave Gregory a copy of the inventory list produced by the Sheriff's Office.  See United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

The district court lacked subject matter jurisdiction to consider Gregory's motion to dismiss his indictment.  Gregory's motion to dismiss was the functional equivalent of a motion to vacate.  Because Gregory did not obtain leave from this

5

Court to file a successive motion, see 18 U.S.C. § 2255(h), Gregory's motion to dismiss was subject to dismissal for lack of jurisdiction.

Gregory moves for sanctions against counsel for the government and for reassignment of his case to a different judge on remand, but his motions lack merit. Gregory requests that we impose sanctions against opposing counsel for obtaining an extension of time to file their brief, but sanctions are warranted only when conduct "multiplies the proceedings . . . unreasonably and vexatiously," 28 U.S.C. § 1927. Gregory also requests that we reassign his case, but Gregory's disagreement with adverse rulings does not give us reason to doubt the impartiality of the district court judge.

We **AFFIRM** the denial of Gregory's motion for return of his firearm, but we **VACATE** the denial of his motion to dismiss and **REMAND** for the district court to dismiss that motion for lack of subject matter jurisdiction. We **DENY** Gregory's motions for sanctions and reassignment.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**