**UNITED STATES COURT OF APPEALS**

**October 31, 2014**

**TENTH CIRCUIT**

JOHNNY BRETT GREGORY,

     Petitioner - Appellant,

v.

DEBORAH DENHAM, Warden,

     Respondent - Appellee.

No. 14-1376
(D.C. No. 1:14-CV-02267-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

Johnny Gregory, a federal prisoner incarcerated in Colorado, has for years sought relief from a conviction and sentence a Georgia federal court imposed on him. He first and repeatedly pursued his case up and down the Eleventh Circuit. Failing there, he eventually applied to a Colorado district court for a writ of coram nobis or a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The district court held, however, that a writ of coram nobis was unavailable because Mr. Gregory is still serving a prison sentence and he is obligated to proceed in habeas under controlling precedent. *See, e.g.*, *United States v. Torres*, 282 F.3d 1241,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1245 (10th Cir. 2002). The district court also found that, because Mr. Gregory seeks relief from his conviction and sentence, his habeas petition properly arises under 28 U.S.C. § 2255, not § 2241. Finally, the court noted that § 2255 motions must be brought in the court in which the sentence was imposed, here the Northern District of Georgia. *See* 28 U.S.C. § 2255(a). Neither did the court find any reasoned argument in Mr. Gregory's papers suggesting that a § 2255 motion might be somehow inadequate or ineffective for testing the legality of his conviction. *See id.* § 2255(e).

Mr. Gregory seeks to appeal the dismissal of his suit. He does not, however, establish that the district court erred in characterizing his petitions as a successive § 2255 collateral attack on his conviction and sentence. And before he may pursue a successive § 2255 motion in district court he must first obtain permission from the court of appeals. *See* 28 U.S.C. § 2255(h). To be sure, our precedent allows us to construe appeals like this one as requests to pursue a successive § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1219 n.8 (10th Cir. 2006). But we must deny Mr. Gregory's request because he must address it to the "appropriate court of appeals," here the Eleventh Circuit which oversees the Northern District of Georgia where Mr. Gregory's sentence was imposed. *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). Neither does Mr. Gregory present newly discovered evidence suggesting his innocence or identify a new rule of constitutional law retroactively applicable to his case, as he must under

§ 2255(h).  Nor has he offered any reasoned basis for challenging the district court's conclusion that § 2255 provides an adequate and effective remedy.

Construing Mr. Gregory's appeal as a request for a certificate of appealability, it is denied.  His motion to proceed *in forma pauperis* and remaining pending motions are also denied.  The appeal is dismissed.  Mr. Gregory is reminded that he must pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge