ORDER DENYING CERTIFICATE OF APPEALABILITY *
CAROLYN B. McHUGH, Circuit Judge.
Johnny Brett Gregory, a federal prisoner proceeding pro se,[1] wishes to appeal the district court’s rejection of his Rule 60(d)(3) motion to set aside its order denying him habeas relief. To do so, he must first obtain a certificate of appealability (COA) from this court. For the reasons we explain, we deny Mr. Gregory a COA and dismiss the matter.
I. BACKGROUND
Mr. Gregory is currently incarcerated in the federal penitentiary in Littleton, Colorado. His incarceration stems from a 2006 conviction, in the United States District Court for the Northern District of Georgia, for possession with intent to distribute methamphetamine and possession of a firearm (a 9-millimeter Beretta handgun) in furtherance of a crime of drug trafficking. See United States v. Gregory, 546 Fed. Appx. 933, 934 (11th Cir.2013) (per cu-riam). Mr. Gregory repeatedly attempted to challenge his conviction in the Eleventh Circuit, see id. at 934-35, but when those attempts proved unsuccessful, he filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado challenging the execution of his sentence.
Magistrate Judge Boyd N. Boland considered the petition and directed Mr. Gregory to show cause why the action should not be dismissed. Specifically, the show cause order noted that Mr. Gregory’s petition challenged the validity of his underlying conviction rather than the execution of his sentence, and Mr. Gregory had not established that the remedy available under § 2255 was inadequate or ineffective. See Brace v. United States, 634 F.3d 1167, 1169-70 (10th Cir.2011) (holding that § 2255 is the exclusive remedy for challenging the legality of a conviction or sentence, unless it is inadequate or ineffective); McIntosh v. U.S. Parole Comm’n, 115 F.3d 809, 811 (10th Cir.1997) (describing that, “in contrast to ... [28 U.S.C.] § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence,” “[petitions under § 2241 *934 are used to attack the execution of a sentence”). Mr. Gregory objected to Judge Boland’s order, claiming Judge Boland was biased because Mr. Gregory is black. Mr. Gregory alleged Judge Boland treated Mr. Gregory “significantly differently” from white prisoners who had filed § 2241 applications.
The district court considered Mr. Gregory’s objections and rejected his claim of judicial bias. The court also agreed with Judge Boland that Mr. Gregory’s § 2241 petition sought relief from his conviction and sentence — claims properly brought under § 2255. And the court agreed that Mr. Gregory had failed to show the remedy under § 2255 was inadequate or ineffective to test the legality of his detention as required to assert such claims under § 2241. The district court therefore construed Mr. Gregory’s petition as one asserting claims under § 2255 and dismissed the petition accordingly. Mr. Gregory sought to appeal the district court’s dismissal of his habeas petition, and the Tenth Circuit denied him a COA. See Gregory v. Denham, 581 Fed.Appx. 728, 728-29 (10th Cir.2014). We concluded Mr. Gregory failed to establish the district court erred in characterizing his petition as a successive § 2255 collateral attack. Id. at 728. And we held that before Mr. Gregory could pursue a successive § 2255 petition, he must first obtain permission from the appropriate court of appeals — in this case, the Eleventh Circuit. Id. at 728-29.
Mr. Gregory then filed a motion pursuant to Rule 60(d)(3), in which he asked the district court to exercise its inherent power to cure fraud on the court by setting aside the order denying habeas relief. Mr. Gregory asserted that evidence uncovered in a related forfeiture proceeding included conflicting accounts regarding whether the 9-millimeter Beretta handgun that formed the basis of his gun conviction was in the custody of Georgia State officials or had been destroyed by the Federal Bureau of Investigation. The district court concluded Mr. Gregory had failed to establish fraud on the court and denied the motion.
Undeterred, Mr. Gregory filed a second motion to reconsider, challenging the district court’s rejection of his fraud on the court argument and claiming the district court lacked jurisdiction to deny his Rule 60(d)(3) motion. Mr. Gregory asserted that while the habeas proceeding was pending, he filed a bankruptcy petition in the United States • Bankruptcy Court for the Northern District of Georgia. According to Mr. Gregory, the filing of his bankruptcy petition automatically stayed all judicial proceedings pending against him, and the district court was therefore precluded from taking any action related to his habeas petition.
The district court denied Mr. Gregory’s second motion to reconsider, and Mr. Gregory filed a notice of appeal and an opening brief. He has also filed a motion for leave to proceed in forma pauperis.
II. DISCUSSION
To appeal the district court’s rejection of his Rule 60(d)(3) motion, Mr. Gregory must first obtain a COA from this court.[2] *935 Thus, we construe Mr. Gregory’s opening brief as a request for a COA. To obtain a COA, Mr. Gregory must make “a substantial showing of the denial of a constitutional right.” See 28 U.S.C. § 2253(c)(2). This standard requires “a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). In his request for COA, Mr. Gregory persists in his arguments that the district court lacked jurisdiction to deny his Rule 60(d)(3) motion because of the pending bankruptcy proceeding, or, in the alternative, the district court erred by determining there was no fraud on the court.[3] We conclude Mr. Gregory is not entitled to a COA on either issue.
It is beyond reasonable debate that Mr. Gregory’s filing of the bankruptcy petition did not affect the district court’s jurisdiction to consider his Rule 60(d)(3) motion. Under § 362 of the Bankruptcy Code, the filing of a bankruptcy petition operates as an automatic stay of
the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
11 U.S.C. § 362(a)(1) (emphasis added). “The scope of the [§ 362] stay is broad, encompassing ‘almost any type of formal or informal action taken against the debtor or the property of the bankruptcy estate.’ ” In re Gindi 642 F.3d 865, 870 (10th Cir. 2011) (brackets omitted) quoting 3 Collier on Bankruptcy ¶ 362.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.2010), rev’d on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir.2011). But here, Mr. Gregory initiated the habeas proceedings in the district court. Thus, it is not an “action or proceeding against the debt- or” and does not fall within the plain language of § 362. For this reason, Mr. Gregory’s bankruptcy petition and the resulting automatic stay under § 362 of the Bankruptcy Code did not prevent the court’s denial of his Rule 60(d)(3) motion. Mr. Gregory is therefore not entitled to a COA to appeal this issue.
Likewise, Mr. Gregory has not established that reasonable jurists would debate whether the district court abused its discretion in denying his Rule 60(d)(3) motion to set aside the dismissal of Mr. Greg *936 ory’s habeas petition. See Davis v. Kan. Dep’t of Carr., 507 F.3d 1246, 1248 (10th Cir.2007) (recognizing we review the denial of a Rule 60 motion for an abuse of discretion). Rule 60(d)(3) recognizes a court’s power to “set aside a judgment for fraud on the court.” Fed.R.Civ.P. 60(d)(3); accord Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246, 64. S.Ct. 997, 88 L.Ed. 1250 (1944). In turn, fraud on the court “is fraud which is directed to the judicial machinery itself.” .Weese v. Schukrmn, 98 F.3d 542, 552 (10th Cir. 1996) (internal quotation marks omitted). The Tenth Circuit has described such fraud as “only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated.” Id. at 552-53 (internal quotation marks omitted).
We agree with the district court that Mr. Gregory’s allegations related to the conflicting evidence regarding custody of the gun do not present a basis to set aside the order denying habeas relief to cure fraud on the court.[4] Significantly, Mr. Gregory identifies no misrepresentations or fraudulent conduct in the habeas proceedings. And in any event, the status of the gun — whether destroyed or in the custody of the state — is irrelevant to the question that was before the district court: whether § 2255 was inadequate or ineffec-five to test the legality of Mr. Gregory’s detention. For this reason, the ' district court did not abuse its discretion in denying Mr. Gregory’s Rule 60(d)(3) motion and was under no obligation to reconsider its ruling in this respect. Accordingly, Mr. Gregory is not entitled to a COA to appeal this issue.
III. CONCLUSION
For the foregoing reasons, we DENY Mr.- Gregory a COA, DENY him leave to proceed in forma pauperis, and DISMISS the matter.

This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

. Because Mr. Gregory is proceeding pro se, we construe his filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). But we will not undertake the role of advocate. See United States v. Pinson, 584 F.3d 972, 975 (10th Cir.2009) (“[W]e must construe [a pro se litigant’s] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.”).

. Although federal prisoners asserting claims under § 2241 need not obtain a COA to appeal the denial of their claims, see McIntosh v. U.S. Parole Comm’n, 115 F.3d 809, 810 n. 1 (10th Cir.1997), federal prisoners are required to obtain a COA to appeal the denial of a § 2255 petition, see 28 U.S.C. § 2253(c)(1)(B). Likewise, federal prisoners must obtain a COA to appeal a district court’s denial of a Rule 60 motion attacking the denial of a § 2255 petition. See Spitznas v. Boone, 464 F.3d 1213, 1218 (10th Cir.2006) (holding a COA is required to appeal from an order denying Rule 60(b) relief from dismissal of a *935 § 2254 petition). As explained, we previously held Mr. Gregory’s habeas petition asserted claims properly brought in a § 2255 petition. See Gregory v. Denham, 581 Fed.Appx. 728, 728 (10th Cir.2014). Accordingly, Mr. Gregory must obtain a COA to challenge the district court's rejection of his Rule 60(d)(3) motion.

. Mr. Gregory also asserts the district court judge — Senior Judge Lewis T. Babcock— should have recused himself because of Judge Boland’s alleged racial bias and because Judge Babcock "intentionally violated the automatic stay.” We need not consider this argument because it was not raised in Mr. Gregory’s Rule 60(d)(3) motion or motion to reconsider. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir.2002) (recognizing that in general, "we do not address arguments presented for the first time on appeal”). And in any event, Mr. Gregory’s unsupported allegations of bias give us no cause to question Judge Babcock’s impartiality in this case. See Bixler v. Foster, 596 F.3d 751, 762 (10th Cir.2010) ("Adverse rulings alone do not demonstrate judicial bias.”).

. To the extent Mr. Gregory asserts the inconsistencies regarding custody of the gun constitute fraud that calls into question the validity of his conviction — rather than the validity of the court’s denial of habeas relief — this assertion is a second or successive collateral attack under § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531-32, 538, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (holding that a motion is second or successive if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner’s underlying conviction); United States v. Baker, 718 F.3d 1204, 1207 (10th Cir.2013) (“[A] motion alleging fraud on the court in a defendant’s criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant’s underlying conviction.’’). As we have explained, to bring a second or successive challenge to the validity of his conviction (on the basis of fraud on the court or otherwise), Mr. Gregory must first obtain permission from the Eleventh Circuit by presenting newly discovered evidence suggesting he is innocent or identifying a new rule of constitutional law retroactively applicable to his case. See Gregory, 581 Fed.Appx. at 728 (citing 28 U.S.C. § 2255(h)).