FILED
United States Court of Appeals
Tenth Circuit

**January 30, 2024**

**Christopher M. Wolpert
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROGER DANIEL NASH,

    Petitioner - Appellant,

v.

SCOTT CROW, Director,

    Respondent - Appellee.

No. 23-7034
(D.C. No. 6:20-CV-00406-JFH-GLJ)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **MATHESON**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Roger Daniel Nash, an Oklahoma state prisoner proceeding pro se, seeks to appeal the district court's denial of his motion filed under Federal Rule of Civil Procedure 60. We deny a certificate of appealability ("COA") and dismiss this matter.

## I. BACKGROUND

Mr. Nash was convicted in 2016 in Oklahoma state court of first-degree rape and lewd molestation. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed. After

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the state trial court denied his application for postconviction relief, Mr. Nash did not appeal to the OCCA.

Mr. Nash filed a habeas application in federal district court under 28 U.S.C. § 2254, attempting to raise 13 claims for relief. The district court granted the Respondent's motion to dismiss, concluding that Mr. Nash had failed to exhaust his state-court remedies because he did not appeal the denial of his state-court postconviction application to the OCCA. The court held his failure to appeal was not excused, and an attempt to exhaust would not be futile because Mr. Nash could apply to the OCCA for an appeal out of time under the state-court rules. The district court dismissed his habeas application without prejudice and entered judgment in April 2021.

More than a year later, in June 2022, Mr. Nash filed a Rule 60 motion in the district court. He raised four issues.

First, Mr. Nash argued the district court erred by not reaching the merits of his unexhausted habeas claims because it had overlooked attachments to his habeas application allegedly proving his factual innocence. The court analyzed this claim under Rule 60(b)(1), which provides for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect."[1] It first held this claim was untimely under

---

[1] Mr. Nash sought relief under Rule 60(a), which allows the district court to correct clerical mistakes. But the court concluded that he did not allege any clerical mistake.

2

Rule 60(c)(1)'s one-year deadline.[2]  Alternatively, the court determined this argument lacked merit because the referenced documents were irrelevant to the court's dismissal of Mr. Nash's habeas application based on his undisputed failure to exhaust—he had conceded his claims were unexhausted, and the court was not persuaded by his futility argument.  It noted that, although factual innocence can excuse a procedural default, Mr. Nash retained the opportunity to have his claims heard on the merits in state court.

Second, he contended that counsel for the Respondent lied in certain district court filings.  He relied on Rule 60(b)(3), which provides for relief from judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party."  The court held this claim was time-barred under Rule 60(c)(1).

Third, citing Rule 60(b)(6), which provides for relief from judgment for "any other reason that justifies relief," Mr. Nash argued that his attempts to exhaust his habeas claims in state court were futile.  The district court held he failed to show the extraordinary circumstances necessary to obtain relief under Rule 60(b)(6).  It reiterated that Mr. Nash had presented no evidence that he had applied for, and was denied, an appeal out of time from the denial of his postconviction application.[3]

---

[2] "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

[3] There is a "futility exception" to § 2254's exhaustion requirement.  *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile.").  Under this exception, a federal court may consider an unexhausted claim when the applicant demonstrates that it would be futile to assert the unexhausted claim in state court "because either 'there is an absence of available State corrective (continued)

Fourth, he sought relief under Rule 60(d)(3), which provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." The district court denied relief because he failed to provide any evidence supporting his claim of fraud on the court.

The district court therefore denied Mr. Nash's Rule 60 motion. It also denied a COA.

## II. **DISCUSSION**

When a district court denies a Rule 60(b) motion, "the movant [must] obtain a [COA] before proceeding with his or her appeal." *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006). We issue a COA "only if the [movant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court's denial was based on procedural grounds, "a COA may only issue if 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Spitznas*, 464 F.3d at 1225 (emphasis added) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see Dulworth v. Jones*, 496 F.3d 1133, 1138 (10th Cir. 2007) (holding

---

process' or 'circumstances . . . that render such process ineffective to protect the [applicant's] rights.'" *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting 28 U.S.C. § 2254(b)(1)(B)(i), (ii)). "The state prisoner bears the burden of proving . . . that exhaustion would have been futile." *Id.*

*Slack*'s two-part COA standard applies to the denial of a Rule 60(b) motion), *abrogated on other grounds by* <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).[4]

Although Mr. Nash does not address here all of the issues he raised in his Rule 60 motion in district court, he continues to assert that he has proof of his innocence and that Respondent's counsel filed false documents. None of these assertions demonstrate that reasonable jurists would debate the correctness of the district court's ruling on any aspect of his Rule 60 motion.

Mr. Nash also points to the Supreme Court's statement in *Slack* that "the complete exhaustion rule is not [intended] to trap the unwary *pro se* prisoner," <u>529 U.S. at 487</u> (quotations omitted). But he ignored the district court's clear instructions on how to exhaust his habeas claims with the OCCA. And he does not demonstrate a debatable error in the court's holding that there is no evidence he has applied for, and that the OCCA has denied, an appeal out of time from the denial of his state-court postconviction application.

---

[4] We also have applied the COA requirement to a district court's denial of a motion brought under Rule 60(d)(3). *See Gregory v. Denham*, 623 F. App'x 932, 934 (10th Cir. 2015) (unpublished) (cited for persuasive value under Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)). We have said that "it would be illogical that a COA would be required to appeal from a habeas judgment, but not from the district court's order denying Rule 60(b) relief from such a judgment." *Spitznas*, 464 F.3d at 1218. And a fraud-on-the-court claim may be brought under Rule 60(b)(3) or under the savings clause in Rule 60(d)(3). *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013). Thus, we apply the same reasoning in requiring a COA for the denial of a motion filed under Rule 60(b) or Rule 60(d)(3).

### III. **CONCLUSION**

Because reasonable jurists would not debate the correctness of the district court's denial of Mr. Nash's Rule 60 motion, we decline to issue a COA and we dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge